KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV 12-1599-PHX-DGC (LOA) |
| Plaintiff, | No. CR 08-1261-PHX-DGC |
| v. | **ORDER** |
| Russell Edward Fletcher, | |
| Defendant/Movant. | |

Movant Russell Edward Fletcher, who is confined in the Federal Correctional Institution-La Tuna in Anthony, Texas, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 and an Application to Proceed *In Forma Pauperis*. The Court will summarily dismiss the motion.

**I.     Application to Proceed**

There is no filing fee associated with a § 2255 proceeding. *See* Rule 3, Rules Governing § 2255 Proceedings, Advisory Comm. Notes (1976) ("There is no filing fee required of a movant under these rules."). The Court will therefore deny as moot the Application to Proceed.

**II.    Procedural History**

Pursuant to a plea agreement, Movant pled guilty to Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On June 7, 2010, the Court sentenced Movant to a 144-month term of imprisonment followed by lifetime supervised release.

Movant seeks a reduction of his sentence and raises three grounds for relief:

1     (1)    Movant was denied effective assistance of counsel when his attorney failed to respond to his letters, filed a motion to suppress without allowing Movant to review the motion, failed to fully explore possible key evidence, and refused to contact Movant's sister;

(2)    Movant's Sixth Amendment rights were violated when his attorney failed to call his sister before sentencing;

(3)    Movant's conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and

(4)    "The judge purposely misled facts."

## III.    Summary Dismissal

A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985); Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1982).

In this case, the record shows that summary dismissal under Rule 4(b) is warranted because Movant has waived the right to bring a § 2255 motion.

## IV.    Waiver

Movant has waived challenges to his sentence. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." United States v. Gonzalez-Flores, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. United States v. Hamilton, 391 F.3d 1066, 1071 (9th Cir. 2004). In this action, Movant's waiver was clear, express, and unequivocal.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. United States v. Jeronimo,

- 2 -

398 F.3d 1149, 1153 (9th Cir. 2005). A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); see also Jeronimo, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

"Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside [the category of ineffective assistance of counsel claims challenging the validity of the plea or the waiver] are waivable." United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). See also Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005) (joining the Second, Fifth, Sixth, Seventh, and Tenth Circuits in holding that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing.").

As part of his plea agreement, Movant made the following waiver:

> The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. **The defendant further waives:** (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the

- 3 -

> imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and **(3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case**.

(Doc. 95) (emphasis added). Movant indicated in his plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (Doc. 95).

Movant's assertions in his § 2255 motion do not pertain to the voluntariness of the waiver. Movant expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion. The Court accepted his plea as voluntarily made. Consequently, the Court finds that Movant waived the issues raised in his § 2255 motion. Thus, the Court will summarily dismiss the motion.

**IT IS ORDERED:**

(1) Movant's Application to Proceed *In Forma Pauperis* (Doc. 2) is **denied** as moot.

(2) The Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 126 in CR 08-1261-PHX-DGC) is **denied** and the civil action opened in connection with this Motion (CV 12-1599-PHX-DGC (LOA)) is **dismissed with prejudice**. The Clerk of Court must enter judgment accordingly.

(3) Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Movant files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED this 31st day of August, 2012.

_____
David G. Campbell
United States District Judge